MOUND COTTON WOLLAN & GREENGRASS LLP
Scott J. Sheldon
30A Vreeland Road, Suite 210
Florham Park, New Jersey 07932
973-494-0600
Attorneys for Defendant

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OHR REALTY CORP., d/b/a OHR REALTY CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>LEXINGTON INSURANCE COMPANY,<br><br>Defendant. | Civil Action No.<br><br>**NOTICE OF REMOVAL** |

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

Pursuant to 28 U.S.C. §§ 1441 and 1446, defendant Lexington Insurance Company ("Lexington") hereby files this Notice of Removal of the above-captioned matter from the Superior Court of the State of New Jersey, Middlesex County, to the United States District Court for the District of New Jersey. In support of the removal, Lexington respectfully states:

1. Upon information and belief, Plaintiff OHR Realty Corp. d.b.a OHR Realty Corporation ("Plaintiff") is New Jersey citizen by virtue of being a domestic business corporation organized and existing under and by virtue of the laws of New Jersey and having a principal place of business in New Jersey. (See Exhibit A, Complaint, ¶ 1.)

2. Plaintiff alleged in its Complaint that Lexington "was and still is a foreign insurance entity organized and existing under and by virtue of the laws of the State of Delaware." (Complaint, ¶ 2.)

3. More specifically, Lexington is incorporated under the laws of the State of Delaware and maintains a principal place of business in Massachusetts.

4. The Complaint alleges that Lexington breached an insurance policy by wrongfully denying Plaintiff's claim and failing to indemnify Plaintiff for allegedly covered damages sustained as a result of a March 7, 2018 loss. (See Exhibit A.)

5. Plaintiff's March 7, 2018 loss involved the total loss of a 40,000 square foot storage building, which is valued in excess of $75,000.

6. Therefore, the United States District Court for the District of New Jersey has original jurisdiction over this matter under 28 U.S.C. § 1332(a) in that there is complete diversity of citizenship between Plaintiff and Lexington and the amount in controversy is in excess of $75,000, exclusive of interest and costs.

7. Pursuant to 28 U.S.C. § 1446(b)(1), a notice of removal of a civil action or proceeding shall be filed within 30 days after receipt of the Complaint by Lexington, through service or otherwise, or within 30 days after service of the summons upon Lexington if the initial pleading has then been filed in the court and is not required to be served on Lexington.

8. On or about October 12, 2018, Plaintiff filed a Complaint and Jury Trial Demand in the Superior Court of New Jersey, Law Division, Middlesex County bearing docket number MID-L-6171-18 and naming Lexington as the sole defendant. (Exhibit A.)

9. On or about October 24, 2018, the Commissioner of the New Jersey Department of Banking and Insurance as Lexington's designated agent of service accepted original service of

process on Lexington's behalf. Lexington received a copy of the Complaint on or about November 1, 2018. (Exhibit A.)

10. Accordingly, removal to this Court is timely and appropriate.

11. A true copy of this Notice of Removal has been filed with the Superior Court of the State of New Jersey, County of Middlesex, and served on Plaintiff, as provided by 28 U.S.C. §1446(a).

          Respectfully submitted,

          MOUND COTTON WOLLAN
          &amp; GREENGRASS
          Attorneys for Defendant


          By    s/ Scott J. Sheldon
                  Scott J. Sheldon

Dated: November 21, 2018

# EXHIBIT A

MID-L-006171-18   10/12/2018 1:18:52 PM  Pg 1 of 6 Trans ID: LCV20181784510

LERNER, ARNOLD & WINSTON, LLP
Attorneys-At-Law
By: Frank P. Winston, Esq.
Attorney ID No.: 011522004
475 Park Avenue South, 28th Floor
New York, New York 10016
(212) 686-4655
Attorneys for Plaintiff

| | |
|---|---|
| OHR REALTY CORP., d/b/a OHR REALTY CORPORATION, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MIDDLESEX COUNTY |
| Plaintiff, | DOCKET NO.: CIVIL ACTION |
| -against- | |
| LEXINGTON INSURANCE COMPANY, | **COMPLAINT AND JURY TRIAL DEMAND** |
| Defendant. | |

The Plaintiff OHR Realty Corp., d/b/a OHR Realty Corporation, by and through its attorneys Lerner, Arnold & Winston, LLP, as and for its Complaint and Jury Trial Demand, respectfully alleges upon information and belief the following:

### PARTIES AND JURISDICTION

1. The Plaintiff OHR Realty Corp., d/b/a OHR Realty Corporation (hereinafter referred to as "Plaintiff") was and still is a domestic business corporation organized and existing under and by virtue of the laws of the State of New Jersey.

2. Upon information and belief, the Defendant Lexington Insurance Company (hereinafter referred to as "Defendant") was and still is a foreign insurance entity organized and existing under and by virtue of the laws of the State of Delaware.

3. Upon information and belief, the Defendant was and still is an eligible surplus lines insurance carrier within the State of New Jersey.

4. Upon information and belief, the Defendant was and still is authorized by the



1

MID-L-006171-18   10/12/2018 1:18:52 PM   Pg 2 of 6 Trans ID: LCV20181784510

New Jersey Department of Banking and Insurance to issue surplus lines policies of insurance within the State of New Jersey.

5. Upon information and belief, the Defendant did and still does transact business within the State of New Jersey, including but not limited to the issuance of surplus lines insurance policies within the State of New Jersey.

## VENUE

6. Middlesex County is an appropriate venue for this action pursuant to N.J. Court Rules, Rule 4:3-2(a)(1), in that this action affects title to real property or a possessory or other interest therein, or for damages thereto, for property located within Middlesex County.

7. In particular, the property at issue in this action is located at 145 Baekeland Avenue, Piscataway, NJ 08854 (hereinafter referred to as the "subject property").

### BACKGROUND FACTS AND PLAINTIFFS CAUSE OF ACTION FOR BREACH OF CONTRACT AGAINST THE DEFENDANT

8. At all times hereinafter mentioned, the Plaintiff was and still is the owner of the subject property.

9. Prior to March 7, 2018 and for good and valuable consideration, the Defendant issued to the Plaintiff a policy of insurance (hereinafter referred to as the "subject insurance policy").

10. The subject insurance policy is identified by the policy number 025942165-02.

11. The Plaintiff is listed as a named insured within the subject insurance policy.

12. The subject property is a covered property listed within the Location Schedule of the subject insurance policy.

13. The subject insurance policy maintained effective dates of coverage from October 2, 2017 through October 2, 2018.



2

MID-L-006171-18   10/12/2018 1:18:52 PM   Pg 3 of 6   Trans ID: LCV20181784510

14. The subject insurance policy provided the Plaintiff and the subject property with certain insurance coverages.

15. In particular, the subject insurance policy provides coverage against all risks of direct physical loss of or damage to the subject property subject to certain exclusions and/or limitations.

16. At all times hereinafter mentioned, the Plaintiff maintained an insurable interest in the subject property.

17. On and around March 7, 2018, the subject insurance policy was in full force and effect.

18. On and around March 7, 2018, the subject insurance policy provided the Plaintiff and the subject property with certain insurance coverage.

19. On and around March 7, 2018 and while the subject insurance policy was in full force and effect, the subject property sustained an accidental, direct physical loss or damage that was not specifically excluded within the subject insurance policy.

20. Subsequent to March 7, 2018 and pursuant to the terms of the subject insurance policy, the Plaintiff submitted an insurance claim to the Defendant seeking to be indemnified for the full amount of covered damages sustained by the Plaintiff and the subject property.

21. In particular, the Plaintiff's covered damages with respect to the March 7, 2018 loss include but are not necessarily limited to building and business personal property damages.

22. The Plaintiff's insurance claim number for the March 7, 2018 loss is 7079728263US.

23. Subsequent to the Plaintiff's submission of its insurance claim, the Defendant



3

has wrongfully denied said insurance claim.

24. Subsequent to the Plaintiff's submission of its insurance claim, the Defendant has wrongfully failed to indemnify the Plaintiff for the covered damages sustained by the Plaintiff and the subject property as a result of the March 7, 2018 loss, despite the fact the same has been duly demanded.

25. The Defendant's wrongful denial of the Plaintiff's insurance claim occurred via letter dated June 1, 2018.

26. By virtue of the Defendant's wrongful denial of the Plaintiff's insurance claim, the Defendant has committed a breach of contract with respect to the Plaintiff.

27. By virtue of the Defendant's wrongful failure to indemnify the Plaintiff for the covered damages sustained by the Plaintiff and the subject property, the Defendant has committed a breach of contract with respect to the Plaintiff.

28. The Plaintiff has complied with all of the terms and conditions of the subject insurance policy.

29. The Plaintiff has submitted sufficient and reasonable proof in support of its insurance claim.

30. As a result of the Defendant's abovementioned breach of contract, the Plaintiff has been damaged in an amount to be determined by a Middlesex County Jury.

WHEREFORE, the Plaintiff demands judgment on its Cause of Action for Breach of Contract against the Defendant for:

a) all covered damages sustained to the subject property, together with lawful interest;

b) all covered business personal property damages, together with lawful interest;


IRNER-ARNOLD-WINSTON

4

c) all covered damages sustained by the Plaintiff, together with lawful interest;

d) all covered monetary damages that would fully indemnify the Plaintiff with respect to the Plaintiff's insurance claim;

e) Compensatory damages, together with lawful interest;

f) Consequential damages, together with lawful interest;

g) Costs of suit and reasonable attorneys' fees; and

h) For such other and further relief as this Court deems just and proper.

## JURY DEMAND

The Plaintiff, pursuant to New Jersey Civil Rule 4:35-1, hereby demands a trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

Frank P. Winston, Esq., of the law firm Lerner, Arnold & Winston, LLP, is hereby designated as trial counsel for the Plaintiff in the within action.

Frank P. Winston

Dated: October 12, 2018

LAW
ERNER·ARNOLD·WINSTON

MID-L-006171-18   10/12/2018 1:18:52 PM   Pg 6 of 6 Trans ID: LCV20181784510

## CERTIFICATION

Pursuant to the requirements of New Jersey Civil Rule 4:5-1 (Notice of Other Actions), I, the undersigned, do hereby certify, to the best of my knowledge, information and belief, that, except as hereinafter indicated, the subject of the controversy referred to in the within pleading is not the subject of any other cause of action, pending in any other Court, or of a pending arbitration proceeding, nor is any other cause of action, arbitration proceeding contemplated:

1. OTHER ACTIONS PENDING? ... Yes___ No X

    a. If Yes – Parties to other pending actions (see attachment).

    b. In my opinion, the following parties should be joined in the within pending cause of action (see attachment).

2. OTHER ACTIONS CONTEMPLATED? ... Yes __ No X

    If Yes - Parties contemplated to be joined in other causes of action (see attachment).

3. ARBITRATION PROCEEDINGS PENDING? ... Yes __ No X

    a. If Yes - Parties to arbitration proceedings (see attachment).

    b. In my opinion, the following parties should be joined in the pending arbitration proceedings (see attachment).

4. OTHER ARBITRATION PROCEEDINGS CONTEMPLATED? ...Yes __ No X

    If Yes - Parties contemplated to be joined to arbitration proceedings (see attachment). In the event that during the pending of the within cause of action, I shall become aware of any change as to any facts stated herein, I shall file an Amended Certification, and serve a copy thereof on all other parties (or their attorneys) who have appeared in said cause of action.

Dated: October 12, 2018

_____
Frank P. Winston

LAW
IRNER·ARNOLD·WINSTON

6

MID-L-006171-18  10/12/2018 1:18:52 PM  Pg 1 of 1  Trans ID: LCV20181784510

# Civil Case Information Statement

**Case Details:** MIDDLESEX | Civil Part Docket# L-006171-18

Case Caption: OHR REALTY CORP. VS LEXINGTON INSURANCE COMPAN
Case Initiation Date: 10/12/2018
Attorney Name: FRANK P WINSTON
Firm Name: LERNER ARNOLD & WINSTON LLP
Address: 475 PARK AVE SOUTH 28TH FL
NEW YORK NY 10016
Phone:
Name of Party: PLAINTIFF : OHR Realty Corp.
Name of Defendant's Primary Insurance Company (If known): None

Case Type: OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS)
Document Type: Complaint with Jury Demand
Jury Demand: YES - 6 JURORS.
Hurricane Sandy related? NO
Is this a professional malpractice case? NO
Related cases pending: NO
If yes, list docket numbers:
Do you anticipate adding any parties (arising out of same transaction or occurrence)? NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? YES

If yes, is that relationship: Other(explain)   Insurer/Insured

Does the statute governing this case provide for payment of fees by the losing party? NO

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:


Do you or your client need any disability accommodations? NO
   If yes, please identify the requested accommodation:


Will an interpreter be needed? NO
   If yes, for what language:


I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b)

10/12/2018                                                                                      /s/ FRANK P WINSTON
Dated                                                                                                      Signed